# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   CRIMINAL ACTION NO. 2:04-cr-00142

BRIAN A. MORELAND,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 134), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 135). The Court has now received materials submitted by the Probation Office and the parties on this issue. Additionally, the Court has reviewed the entire record herein.

The sentencing court found that Defendant qualified as a career offender under the Sentencing Guidelines. The sentencing court varied from the advisory guideline range and imposed

a term of imprisonment of one hundred twenty (120) months, the statutory mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(B), followed by an eight-year term of supervised release. Upon consideration of the foregoing, the Court finds that Defendant's sentencing range is unchanged as a result of the Fair Sentencing Act of 2010 and the November 1, 2011 Sentencing Guidelines amendment, and he is, therefore, not eligible for a reduction of his sentence. In their respective written responses, both the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 136 and 140).[1] However, Defendant, through counsel, "urges the Court to intercede on his behalf by ordering a reduction of the length of supervised release faced by the Defendant." (Document 140 at 3.)[2]

The Court observes that Defendant, through counsel, has cited no authority for the proposition that this Court has the authority, upon consideration of a motion for reduction pursuant to 18 U.S.C. § 3582(c)(2), to grant a reduction of a term of supervised relief, which is a separate component of his sentence from what is now before the Court. Moreover, Section 3582(c)(2) authorizes a reduction in a "term of imprisonment" where "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. 3582(c)(2). As Defendant concedes, he is not eligible for such a reduction, and Section 3582(c)(2) does not provide for a reduction in a defendant's term of supervised release. *Id.*; *United States v. Island*, 336 F.App'x 759, 760-61 (9th Cir. 2009) (unpublished decision) ("By its plain language, § 3582(c)(2) does not provided for a reduction in the supervised release portion

---

[1] *See* Document 140 ("Defendant again concedes that this Court lacks the authority to reduce his sentence as it relates to his incarceration[.]")

[2] To date, Counsel for the Government has not filed any opposition or other response to Defendant's request.

of the sentence."); *United States v. Guess*, 541 F.Supp. 2d 399, 405 (D. Me 2008) (discussing the statutory distinction and purposes between imprisonment and supervised release and concluding that "Congress's use of the phrase 'term of imprisonment,' rather than the term 'sentence' to describe what a judge can reduce under [Section] 3582(c)(2) is a deliberate choice that precludes reducing a term of supervised release under that provision."); *see also United States v. Johnson*, 291 F.App'x 505, 505 (4th Cir. 2008) (unpublished per curiam decision)(citing *Guess*, 541 F.Supp. 2d at 401-05); *Booker v. United States*, Civil Action No.3:09cv635, 2011, Criminal Action No.3:99cr95, 2011 WL 1337086, at *2 (E. D. Va. Apr. 7, 2011).

Further, Defendant's sentence was imposed based on a conviction of his violation of 21 U.S.C. § 841(b)(1)(B), which provides for a mandatory minimum eight-year term of supervised release. 21 U.S.C. § 841(b)(1)(B) ("Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, . . . if there was a prior conviction [for a felony drug offense], include a term of supervised release of at least 8 years in addition to such term of imprisonment.") The record in this case plainly demonstrates that Defendant has a prior felony conviction (Documents 33 and 125). The applicable amendments in this matter do not provide for a reduction of Defendant's term of supervision. *See United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009).

Finally, district courts are afforded a limited opportunity, pursuant to Section 3582(c)(2), to modify a criminal sentence when the Sentencing Guidelines are changed. Consideration of such a motion does not occasion a full re-sentencing. U.S.S.G. §1B.1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582 (c)(2) and this policy statement do not constitute a full re-sentencing of the

defendant.") Therefore, the Court finds that the relief requested by Defendant is foreclosed by Section 3582(c)(2).[3]

For these reasons, the Court **ORDERS** that the Defendant's Motion to Reduce Sentence Pursuant to Amendment 750 Retroactivity for Cocaine Offenses (Document 134) be **DENIED**. The Court further **ORDERS** that Defendant's request for a "reduction of the length of supervised release" (Document 140) be **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Federal Public Defender, to the Defendant, to the United States Attorney and to the United States Probation Office.

ENTER: April 2 , 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] The Court makes no finding regarding the avenue of relief which may be available to Defendant, pursuant to 18 U.S.C. § 3583(e)(1), which contemplates a reduction of a term of supervised release only after a defendant has served one year of his term of supervision. As Defendant is still serving his term of supervision, further consideration of Section 3583(e)(1) is not warranted.